UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENTAO XU, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC, a Delaware limited liability company, and DOES 1-10, inclusive,<br><br>Defendants. | No. 2:25-cv-02807-JAM-SCR<br><br>**ORDER DENYING MOTION TO REMAND** |

This matter is before the Court on Plaintiff's Motion to Remand., ECF No. 6 ("Mot"). Defendant filed an opposition ECF No. 10 ("Opp'n"); Plaintiff filed a Reply, ECF No. 11 ("Reply"). For the following reasons, Plaintiff's motion is denied.[1]

I.  BACKGROUND

On August 26, 2025, Plaintiff initiated a lawsuit in Sacramento County Superior Court, arising out of his 2024 purchase of a Hummer EV vehicle(the "Subject Vehicle"), which he claims is defective. See generally Mot. at 1-2; Opp'n at 2. On September 29, 2025, Defendant removed the matter to this Court, based on 28 U.S.C. §§ 1332, 1441, and 1446, alleging the parties

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g); see also ECF No. 12.

1

were diverse and the amount in controversy exceeded $75,000. ECF 1. Specifically, Defendant alleged the Plaintiff is a California citizen and the Defendant is a Michigan and Delaware citizen. Id. Defendant also averred that despite Plaintiff's intentionally ambiguous pleading, the amount in controversy plausibly exceeds $75,000. Id.

## II.  OPINION

### A.  Legal Standard

Federal district courts have subject matter jurisdiction over civil actions between parties with diverse citizenship where "the amount in controversy exceeds the sum of or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). Such an action may be removed to federal court under 28 U.S.C. § 1441(a). It is well-established that "[r]emoval statutes are strictly construed, and any doubt about the right of removal requires resolution in favor of remand. This rule of narrow construction both recognizes the limited jurisdiction of federal courts and protect[s] the jurisdiction of state courts." Casola v. Dexcom, Inc., 98 F.4th 947, 954 (9th Cir. 2024) (citing and quoting Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) and Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005)) (internal citations and quotations removed).

"The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Casola, 98 F.3d at 954 (quoting Moore-Thomas, 553 F.3d at 1244) (quotations removed). Indeed, when removal is challenged based on whether the amount in controversy exceeds $75,000, "'the

2

removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold," unless it is clear from the face of the state court complaint. Urbino v. Orkin Services of California, Inc., 726 F.3d 1118, 1121-22 (9th Cir. 2013) (quoting Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)).  The Ninth Circuit defines the "amount in controversy as the amount at stake in the underlying litigation, [that is,] any result of the litigation, excluding interests and costs, that entails a payment by the defendant.  This amount includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648-49 (9th Cir. 2016) (citing and quoting Theis Research, Inc. v. Brown & Bain, 400 F.3d 659, 662 (9th Cir. 2005) and Guglielmino v. McKee Foods Corp., 506 F.3d 696, 701 (9th Cir. 2007) (internal quotations, citations, and brackets removed)).

In assessing whether the defendant has met its burden, a court "may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 416 (9th Cir. 2018) (citing Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)).

    B.   Analysis

Plaintiff contests jurisdiction by claiming Defendant did not meet its burden of establishing the amount in controversy exceeds $75,000.  See generally Mot.  As noted by Defendant,

Plaintiff appears to suggest that removal here was too early but Plaintiff did not present any argument in support of this contention.  Nor does Plaintiff dispute complete diversity.  Opp'n at 1-3.

It is not apparent from the face of the Complaint that the amount in controversy exceeds $75,000; accordingly, Defendant bears the burden of establishing by a preponderance that the amount in controversy exceeds $75,000.  See Urbino, 726 F.3d 1118.  The Court finds that Defendant has presented more than enough evidence for the Court's consideration in determining the amount in controversy here and has clearly satisfied its burden.  See ECF Nos. 10–10-3.

Plaintiff seeks three categories of damages for his claims under the Song-Beverly Act: (1) actual damages; (2) civil penalties; and (3) attorneys' fees.  Defendant has provided exhibits and declarations which demonstrate that the $75,000 diversity threshold has been met and easily exceeded.  This evidence includes the Retail Installation Contract for the Subject Vehicle which was purchased for $122,530.13.  The evidence further demonstrates that after offsets, Plaintiff's actual damages at issue here are $116,022.60.  Opp'n at 6-7.  As for Defendant's calculations regarding the amount of civil penalties and attorneys' fees at stake, the evidence supports Defendant's argument that these two categories bring the amount in controversy well in excess of $75,000.  Opp'n at 7-11.

Plaintiff claims that Defendant's estimation of Plaintiff's actual damages is "fatally speculative and not supported by facts or evidence."  Rep at 2.  The Court disagrees.  Plaintiff

4

has not provided any alternative proposal for the Court to consider regarding any of the categories at stake.  Plaintiff refused to plead the amount he seeks and he does not state in his Motion that he is seeking less than $75,000.  Defendant has responded to Plaintiff's amount in controversy challenge with evidence and argument clearly demonstrating that the amount in controversy exceeds the $75,000 jurisdictional threshold.

### III.  ORDER

Plaintiff's Reply Brief exceeds the Court's page limitation by five pages.  ECF No. 2-2.  Plaintiff shall pay a monetary sanction of $250 to the Clerk of the Court within five days of the date of this Order.

For the reasons set forth above, Plaintiff's Motion to Remand is DENIED.

IT IS SO ORDERED.

Dated: December 29, 2025

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE

5